IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNEVER LIVINGSTON,** | : | CIVIL NO. 1:15-CV-822 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **LENARD ODDO, WARDEN,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed on April 27, 2015, by petitioner Dennever Livingston ("Livingston"), a federal inmate incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania.  Livingston claims that his due process rights were violated in the context of a prison disciplinary hearing.  (Id. at p. 3, ¶ 10).  The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.    Background**

In October 2008, while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, Livingston was charged in Incident Report Number 1788032 with possessing intoxicants, in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 222.  (Doc. 1, p. 2; Doc. 7-2, Ex. 1, Declaration of K. Michael Sullivan, Senior BOP Attorney ("Sullivan Decl."), ¶ 3).

A disciplinary hearing was held and the disciplinary hearing officer ultimately found that Livingston committed the act as charged and sanctioned him with a loss of twenty-seven days of good conduct time. (Doc. 1, p. 2).

On October 30, 2014, Livingston filed Administrative Remedy No. 799864-R1 with the Northeast Regional Office. (Doc. 1, p. 6; Doc. 7-2, Sullivan Decl. ¶ 16; Doc. 7-2, p. 16, Administrative Remedy Generalized Retrieval). On October 30, 2014, Administrative Remedy No. 799864-R1 was rejected. (Id.) Livingston was advised that the appeal was untimely, and regional appeals "must be received within twenty days of the Warden/CCM response or receipt of the DHO report." (Id.)

On February 9, 2015, Livingston appealed the rejection of Administrative Remedy No. 799864-R1 to the BOP Central Office, designated as Administrative Remedy No. 799864-A1. (Doc. 1, p. 5; Doc. 7-2, Sullivan Decl. ¶ 18; Doc. 7-2, p. 20). On March 25, 2015, the BOP Central Office rejected the appeal. (Id.) Livingston was informed that he submitted his request or appeal to the wrong level. (Id.) The Central Office further advised him that he must provide staff verification stating that the reason for the untimely filing was not his fault. (Id.)

There is no record that Livingston filed any other administrative remedies concerning the claims raised in the present habeas petition. (Doc. 7-2, Sullivan Decl. ¶ 20). Moreover, Livingston acknowledges that he did not file any further appeals. (Doc. 1, p. 3).

The instant petition was filed on April 27, 2015. (Doc. 1). In the petition, Livingston claims that his due process rights were violated during the course of the prison disciplinary hearing. (Id. at p. 3). Livingston maintains that he did not

commit the act for which he was charged, he did not possess an intoxicant during the timeframe in question, and the incident report was falsified. (Id.) For relief, Livingston requests that the court restore his good time credits and expunge the incident report. (Id. at p. 4).

## II. Discussion

Respondent argues that the petition should be denied based on Livingston's failure to comply with the BOP's administrative review process. (Doc. 7, pp. 6-10). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent

irreparable injury"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 7-2, Sullivan Decl. ¶ 5, citing 28 C.F.R. §§ 542.10, *et seq.*). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the DHO's written report. (Id. at ¶ 7, citing 28 C.F.R. §§ 542.15(a), 542.14(d)(2)). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. (Id. at ¶ 8). This is the inmate's final available administrative appeal.

In the instant matter, Livingston failed to exhaust the available administrative remedies. Livingston filed his initial administrative remedy to the Northeast Regional Office. The appeal was rejected as untimely. (Doc. 1, p. 6). Livingston then filed an appeal with the Central Office. The Central Office rejected his appeal on February 9, 2015 because it was submitted to the wrong level. (Doc. 1, p. 5). The Central Office advised Livingston to provide staff verification

indicating that the reason for the untimely filing was not his fault. (Id.) However, Livingston failed to submit any justification for the untimely filing of his administrative remedy. Additionally, he failed to submit any further appeals after the BOP Central Office rejected his appeal. Livingston affirms that he "filed no additional appeals after the second appeal." (Doc. 1, p. 3).

Livingston waited approximately six years to appeal the decision of the disciplinary hearing officer, well beyond the allotted twenty days. It is clear that the appeal was patently untimely and, therefore, appropriately rejected. Because Livingston has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      December 15, 2015